IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:
IN ADMIRALTY

ADVENTURE SHIPPING COMPANY,

    Plaintiff,

vs.

TRANS-TEC INTERNATIONAL S.R.L.
d/b/a TRANS-TEC,

    Defendant.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, Adventure Shipping Company ("Adventure Shipping), by and through undersigned counsel and for its Complaint seeking declaratory judgment would respectfully state as follows:

### JURISDICTION AND VENUE

1. This is an action for declaratory relief pursuant to 28 U.S.C. §2201, *et seq.*, and that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a maritime contract which is in dispute.

2. This is an admiralty and maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Court has jurisdiction pursuant to 28 U.S.C. §1333.

3. Plaintiff Adventure Shipping is a company organized under the laws of the Marshall Islands.

4. Adventure Shipping is the registered owner of the 190 meter ocean-going cargo vessel *GEORGIOS P*.

5.  Defendant Trans-Tec is a subsidiary of World Fuel Services Corporation and/or World Fuel Services, Inc., whose principal place of business is at 9800 N.W. 41 Street, Miami, FL 33178. Trans-Tec sells and supplies fuel oil to ocean going cargo vessels.

6.  Copenship Bulkers A/S was the charterer of the cargo vessel *GEORGIOS P* at times relevant hereto and upon information and belief is organized under the laws of Demark.

7.  Venue lies in the Southern District of Florida as the Defendant Trans-Tec and/or its parent have an office, headquarters and/or principal place of business in Miami-Dade County, Florida, conduct business in Miami-Dade County and the maritime contract at issue herein calls for the application of the General Maritime Law of the United States and the laws of Florida and permits actions to be brought in Florida courts.

## FACTUAL ALLEGATIONS

8.  On or about October 21, 2014, Adventure Shipping, as owner of the cargo vessel *GEORGIOS P*, entered into a Time Charter (lease) with Copenship Bulkers A/S where after the cargo vessel *GEORGIOS P* was put at the disposal of Copenship. See attached Exhibit "A."

9.  Pursuant to the terms of the Time Charter, Copenship was responsible to supply and pay for all fuel oil consumed by the vessel during the term of the Time Charter.

10. On or about November 3, 2014, Copenship Bulkers A/S entered into a contract with Trans-Tec to supply 365 metric tons of fuel oil and 25 metric tons of gas oil to the *GEORGIOS P* offshore of the island of Trinidad. See attached Exhibit "B."

11. On or about November 6, 2014, on the order of Copenship, Trans-Tec caused 357.600 metric tons of fuel oil and 24.200 metric tons of gas oil to be delivered to the *GEORGIOS P*. The price of the fuel and gas oil was $219,831.20 with a credit term of 30 days. See attached Exhibit "C."


CASE NO.:
PAGE 3

12. On or about February 3, 2015, Copenship filed for bankruptcy in the Bankruptcy Division of the Danish Maritime and Commercial Court. See attached Exhibit "D."

13. At the time of filing bankruptcy, Copenship had not paid Trans-Tec for the fuel and gas oil delivered to the *GEORGIOS P* and was indebted to Trans-Tec in the principal amount of $219,831.20.

14. Having not been paid for the fuel and gas oil supplied to the vessel on the orders of Copenship, Trans-Tec filed an action for the arrest of the *GEORGIOS P* in Belgium, alleging a maritime claim pursuant to the 1952 Brussels Arrest Convention, and the vessel was arrested in Ghent, Belgium on March 28, 2015.

15. Adventure Shipping, as owners of the *GEORGIOS P*, thereafter posted security in the amount of $296,332.45 to respond to any final decision against Adventure Shipping or Copenship by a court of competent jurisdiction enforceable in Belgium and the vessel was subsequently released from arrest.[1] See attached Exhibit "E."

## CAUSE OF ACTION

16. Plaintiff Adventure Shipping repeats and realleges the allegations set forth in Paragraphs 1 through 15 as if set forth fully herein.

17. Adventure Shipping did not order the fuel and the gas oil supplied to the *GEORGIOS P*. Adventure Shipping did not enter into any contract with Trans-Tec for the supply of fuel oil to the *GEORGIOS P* despite the fact that the Trans-Tec Order Confirmation sent to Copenship unilaterally and generically identifies the buyer of the fuel oil as the "*M/V GEORGIOS P* and her owners/operators and Copenship Bulkers A/S."

---

[1] The 1952 Brussels Arrest Convention does not create a right of action or a maritime lien as a result of the arrest. Belgium counsel advises the Belgium court has no jurisdiction to decide the substantive merits of any underlying claims between Trans-Tec, the ship owner and Copenship but those issues must be decided by a court of competent jurisdiction, such as this Court.

18.     As a result, Adventure Shipping is not liable to Trans-Tec, *in personam*, for the amounts due for the fuel oil delivered to the *GEORGIOS P* on the orders of Copenship.

19.     As a result of the Defendant's demand for payment for the cost of the fuel and gas oil delivered to the *GEORGIOS P* and the arrest of the vessel, a real and justiciable issue exists with respect to the existence of rights of the parties under the terms of the contract between Trans-Tec and Copenship to supply fuel oil to the *GEORGIOS P* and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiffs request judgment from the Court as follows:

A.     Declaring that there is no contract between Adventure Shipping Company and Trans-Tec for the supply of fuel to the *GEORGIOS P* on or about November 6, 2014 and that Adventure Shipping Company is not liable to Trans-Tec, *in personam*, for the amounts due for the fuel oil delivered to the vessel.

B.     Any and all such further relief as the Court may deem just and proper.

Dated: May 11, 2015
Miami, Florida

Respectfully submitted,

/s/ Patrick E. Novak
**PATRICK E. NOVAK**
Florida Bar No.: 838764
pnovak@admiral-law.com
**RYAN M. MCCARTHY**
Florida Bar No.: 105373
rmccarthy@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
***Attorneys for Plaintiff***

/957118/11